**Elizabeth BLODGETT, Richard Tarmey**

v.

**COUNTY OF SANTA CRUZ, Pat Liberty, Dan Forbus, Chris Matthews, Garry Patton.**

**No. C–80–1077 WHO.**

United States District Court,
N. D. California.

Oct. 21, 1980.

---

Joseph M. Gughemetti, Morley & Gughemetti, Palo Alto, Cal., for plaintiffs.

Clair A. Carlson, County Counsel, James M. Ritchey, Asst. County Counsel, Santa Cruz, Cal., for defendants.

## MEMORANDUM AND ORDER

ORRICK, District Judge.

In this case against the Board of Supervisors of Santa Cruz County ("the Board") and certain individual members brought by plaintiffs, Elizabeth Blodgett and Richard Tarmey, charging violations of certain federal civil rights statutes, 42 U.S.C. § 1983 *et seq.*, by reason of the adoption by the Board of certain zoning regulations affecting their land, the sole question presented is whether this Court should abstain from exercising jurisdiction. This Court answers this question in the negative for the reasons set forth below.

I

Plaintiffs own adjoining properties in Santa Cruz County; Blodgett owns a 28–acre parcel and Tarmey owns parcels of 15 and 28 acres. In 1978 and 1979, Blodgett and Tarmey filed applications with the County of Santa Cruz ("the County") for zoning changes and minor land subdivisions of their properties. Tarmey wanted to divide his 15–acre property into 3 parcels and his 28–acre property into 4 parcels; Blodgett wanted to divide her 28–acre property into 4 parcels. The applications conformed with the then-applicable general plan of the County.

The Office of Planning and Research of the State of California ("OPR") and the County had entered into an agreement regarding the planning policy document of the County, "Rural Development Policies of Measure J." In late 1979, prior to any public meetings concerning plaintiffs' applications, the County's Planning Department ("the Department") recommended denial of the applications on the ground that plaintiffs' properties were situated in areas designated by the planning policy agreement as "critical fire hazard" and "primary water recharge" areas. The minimum lot size for such designated areas was 10 acres.

On December 12, 1979, the County Planning Commission ("the Commission") referred plaintiffs' applications to the Board without a vote of recommendation. On January 8, 1980, the Board directed the Commission to make a decision and recommendation. On January 16, 1980, the Commission, based on the recommendation of the Department, recommended that the Board deny plaintiffs' applications for rezoning and minor land subdivisions. On January 29, 1980, the Board directed the Planning Director and the County Administrative Officer to meet with plaintiffs' at-

torney and the OPR. On February 12, 1980, after the meeting, the Board voted 4–1 to deny plaintiffs' applications. The four supervisors who voted against the applications are the individual defendants in this action.

Plaintiffs allege that the defendants intended to deprive them of the use of their property, deny them due process in public hearings, and otherwise violate their constitutional and civil rights. Plaintiffs specifically allege that: they have a vested right to develop the properties; the agreement between the County and OPR violates the constitutional guarantees of due process and a fair hearing; the map designations relied on by the County in determining fire hazard and water recharge areas are arbitrary, vague, overbroad, discriminatory, and erroneous; the Board violated their own policy of allowing applicants to mitigate the fire hazard and water recharge problems that cause the denial of applications; defendant Patton acted in a willful, malicious, and knowing manner with the specific intent to violate plaintiffs' constitutional and civil rights. Plaintiffs allege the defendants have violated their Fifth and Fourteenth Amendment rights and the rights guaranteed by 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiffs pray for $500,000 general damages, unspecified special damages, and, on their claims against defendant Patton, $2,000,000 punitive damages.

Defendants base this motion for abstention on the grounds that this is nothing more than a typical action, albeit artfully pleaded, for inverse condemnation.

## II

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). Defendants claim that this case fits within the *Pullman* abstention exception to the nonabstention rule. *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Defendants assert that the complaint is based on inverse condem-

nation and land use planning and that this Court must abstain from the exercise of jurisdiction under *Rancho Palos Verdes Corp. v. City of Laguna Beach*, 547 F.2d 1092 (9th Cir. 1976). That case held that the district court had acted within its discretion in abstaining from exercising its jurisdiction in a civil rights action against a city and members of the city counsel and planning commission and others for an alleged conspiracy to deprive the landowner plaintiff of the use of undeveloped real property. The *Rancho Palos Verdes* court relied on the three requirements set forth by the Ninth Circuit in *Canton v. Spokane School District, No. 81*, 498 F.2d 840, 845 (9th Cir. 1974), which must be satisfied in order to invoke the *Pullman* abstention doctrine:

"(1) The complaint 'touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open.'

(2) 'Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy.'

(3) The possibly determinative issue of state law is doubtful."

While the present case is similar to *Rancho Palos Verdes* in that both are suits brought as a direct result of landowners being prevented from developing their properties as they would desire, the present plaintiffs, unlike their *Rancho Palos Verdes* counterpart, are not challenging the validity of zoning rules or land use regulations. Plaintiffs have adamantly argued that this case is distinguishable from the inverse condemnation cases where the doctrine of abstention has been properly applied. Plaintiffs insist that the gravamen of their case is the denial of due process and fair hearings because of the introduction of false evidence against them and the arbitrary conduct of government officials. Thus, plaintiffs argue, this case does not satisfy the *Canton* requirements because it does not touch a sensitive area of state social policy and there is no state law in issue.

The Court finds that plaintiffs' allegations of civil rights violations should be adjudicated in this forum.

"The avoidance of the obligation of federal courts to decide cases in which they have jurisdiction can be justified under the doctrine of abstention 'only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.'" *Marshall v. Sawyer*, 301 F.2d 639, 645 (9th Cir. 1962), *quoting County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–189, 79 S.Ct. 1060, 1062–63, 3 L.Ed.2d 1163 (1959). Here, as in *Marshall*, "No such countervailing interest could be served by abstention * * * since the constitutionality of a state statute is not here in issue." *Marshall v. Sawyer, supra*, 301 F.2d at 645. What is in issue is the alleged conduct of the defendants rather than the validity of county and state zoning regulations.

The Court is not unmindful of the cases which have held that abstention is proper in actions involving land use laws. *Santa Fe Land Improvement v. City of Chula Vista*, 596 F.2d 838 (9th Cir. 1979); *Sederquist v. City of Tiburon*, 590 F.2d 278 (9th Cir. 1978); *Newport Investments v. City of Laguna Beach*, 564 F.2d 893 (9th Cir. 1977); *Rancho Palos Verdes Corp. v. City of Laguna Beach, supra; Beck v. California*, 479 F.Supp. 392 (C.D.Cal.1977); *Webber v. Skoko*, 432 F.Supp. 810 (D.Ore.1977). Those cases differ significantly from this one in that they were all actions involving inverse condemnation of the plaintiffs' land. Even where the pleadings in the cited cases sought relief based on a denial of civil rights, the courts found that the plaintiffs' claim was intimately bound up with state law, *Beck v. California, supra*, or was seeking to enjoin the enforcement of a county zoning ordinance, *Webber v. Skoko, supra*.

In cases where a court has found that abstention is proper, "retention of jurisdiction, and not dismissal of the action, is the proper course." *Santa Fe Land Improvement v. City of Chula Vista, supra*, 547 F.2d at 1096. In the present case there is no pending state action and even were the Court to abstain, the plaintiffs stated in oral argument they would not seek a resolution to the conflict in state court. Although plaintiffs have admitted that they entered this courthouse "through the back door" by pleading violations of their constitutional rights, it does not appear to a legal certainty that their allegations fail to state a claim under the civil rights statutes. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Whether their entrance was through the back door or the front door, plaintiffs have stated a federal cause of action and thereby have invoked this Court's jurisdiction under Article III, Section 2 of the Constitution and 28 U.S.C. § 1343.

Accordingly, this Court denies defendants' motion that the Court abstain from exercising jurisdiction.